FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2024

SEAN F. McAVOY, CLERK

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Tyler H.L. Tornabene
Dan Fruchter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>          v.<br><br>CHRISTOPHER HAMILTON CLEMENS,<br><br>                  Defendant. | Case No.:  2:24-CR-30-TOR<br><br>INFORMATION<br><br>Vio: 18 U.S.C. § 371<br>      Conspiracy to Defraud the<br>      United States |

The United States Attorney charges:

Count

1. From on or about June 14, 2018, and continuing thereafter until on or about October 5, 2023, in the Eastern District of Washington, and elsewhere, the Defendant, CHRISTOPHER HAMILTON CLEMENS, knowingly and willfully conspired and agreed together and with Calandra Charging Eagle and with other persons both known and unknown, to defraud the United States of and concerning its governmental functions and rights, hereafter described, that is:

    (a) of and concerning its right to have its business and its affairs, and particularly the transaction of the official business of the General Services Administration (GSA), the Bureau of Indian Affairs (BIA), and the Federal Aviation

INFORMATION - 1

Administration (FAA), conducted honestly and impartially, free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment and obstruction;

(b) of and concerning its right to have its officers and employees, and particularly the personnel of the GSA, the BIA, and the FAA, free to transact the official business of the United States unhindered, unhampered, unobstructed and unimpaired by the exertion upon them of dishonest, corrupt, unlawful, improper and undue pressure and influence; and

(c) of and concerning its right and governmental function of the GSA, the BIA, and the FAA, through and by means of its officers and employees in the GSA, the BIA, and the FAA unhindered, unhampered, unobstructed, and unimpaired by the exertion upon such officers and employees of dishonest, unlawful, corrupt, improper and undue pressure and influence.

## Overview of the Conspiracy

2. Between on or about June 14, 2018, and on or about October 5, 2023, in the Eastern District of Washington and elsewhere, Defendant CHRISTOPHER HAMILTON CLEMENS knowingly entered into a conspiracy to defraud the United States with persons both known and unknown.

3. One of the objects of the Conspiracy, as known to Defendant CHRISTOPHER HAMILTON CLEMENS, was to directly enrich himself with federal funds obtained through false and fraudulent statements, promises, and representations. Defendant CHRISTOPHER HAMILTON CLEMENS and his co-conspirators performed multiple overt acts in the Eastern District of Washington and elsewhere during the Conspiracy and for the purpose of carrying out the Conspiracy, to include, as detailed herein, providing a bribe to a federal contracting officer's representative for Bureau of Indian Affairs (BIA) and obtaining a federal prime contract with a federal agency, specifically the Federal Aviation Administration (FAA), under false and fraudulent pretenses.

INFORMATION - 2

<u>Manner, Means, and Overt Acts of the Conspiracy</u>

<u>Defendant's Bribery of a Public Official in Order to Obtain Federal Contracts</u>

4.     As part of the Conspiracy, between on or about June 14, 2018, and on or about August 24, 2018, Defendant CHRISTOPHER HAMILTON CLEMENS was the Chief Operating Officer of Company A, a government contracting company registered in Washington State. As of June 14, 2018, Company A was performing a Bureau of Indian Affairs (BIA) contract to provide heating, ventilation, and air conditions (HVAC) services at the Pine Hill School located within the reservation of the Navajo Nation in New Mexico. Calandra Charging Eagle, a BIA official, was designated as the Contracting Officer's Representative (COR) on the HVAC contract.

5.     Defendant CHRISTOPHER HAMILTON CLEMENS understood that, as COR, Calandra Charging Eagle had access to confidential government information and property concerning federal government contracts and procurements, as well as a role in reviewing proposals and approving contracts and invoices for government contractors and prospective government contractors. As Chief Operating Officer of Company A, Defendant CHRISTOPHER HAMILTON CLEMENS communicated regularly regarding performance and payment with Calandra Charging Eagle in her capacity as BIA's COR on the contract.

6.     On or about June 8, 2018, the Sandia Resort and Casino, located in Albuquerque, New Mexico, sent Calandra Charging Eagle a $10,701 invoice. Calandra Charging Eagle incurred this debt to Sandia Resort and Casino through a group holiday event that Sandia Resort and Casino had hosted for Calandra Charging Eagle's U.S. Army Reserve Unit's Family Readiness Group in December 2017. As reflected on the invoice, the debt was a personal obligation owed by Calandra Charging Eagle to the Sandia Resort and Casino.

7.     In June 2018, during the course of its performance on the HVAC contract, Company A considered making a charitable donation to the Navajo Nation

INFORMATION - 3

in order to show appreciation for the opportunity to work on the HVAC contract and generate good will for Company A. Defendant CHRISTOPHER HAMILTON CLEMENS inquired of Calandra Charging Eagle whether she knew of a worthwhile Navajo Nation charity to which to donate. In response, on or about June 14, 2018, Calandra Charging Eagle requested that, as a "donation," Defendant CHRISTOPHER HAMILTON CLEMENS, as Chief Operating Officer of Company A, pay off the $10,701 debt, and provided him with the contact information for the employee of the Sandia Resort and Casino who was attempting to collect on the debt.

8.   Over the next several weeks, Calandra Charging Eagle suggested to Defendant CHRISTOPHER HAMILTON CLEMENS that if he paid the $10,701 debt, she could use her position with the BIA to obtain favorable treatment for Defendant CHRISTOPHER HAMILTON CLEMENS and Company A on various BIA contracting opportunities. One of the numerous contracting opportunities that Defendant CHRISTOPHER HAMILTON CLEMENS and Calandra Charging Eagle discussed was additional lightning protection work at the Pine Hill School that the BIA was preparing to contract out and on which Calandra Charging Eagle was designated as COR. On numerous occasions, Calandra Charging Eagle told Defendant CHRISTOPHER HAMILTON CLEMENS that she was using and would use her BIA position to secure this work for Company A. At the same time, Calandra Charging Eagle continued to repeatedly request that Defendant CHRISTOPHER HAMILTON CLEMENS and Company A pay the $10,701 debt to Sandia Resort and Casino.

9.   On or about August 8, 2018, Defendant CHRISTOPHER HAMILTON CLEMENS directed and caused Company A to send a $5,000 check to Sandia Resort and Casino in partial satisfaction of Calandra Charging Eagle's debt. Defendant CHRISTOPHER HAMILTON CLEMENS's purpose in doing this included the hope and intent that it would influence Calandra Charging Eagle to use her position with the BIA to provide favorable treatment for Company A, including with regard

INFORMATION - 4

to the lightning protection contract that the BIA was then in the process of awarding.

10. When Calandra Charging Eagle's initial attempts to steer the lightning protection contract to Company A did not come to fruition, Calandra Charging Eagle continued to promise that she would find other avenues to provide favorable treatment for Company A in its contracting attempts with the BIA, while, at the same time, requesting that Defendant cause Company A to pay the remainder of the Sandia Resort and Casino debt. These efforts and discussions included providing Defendant CHRISTOPHER HAMILTON CLEMENS with confidential and inside information regarding the status of the lightning protection contract, other BIA contracting opportunities, and a promise to set up and use a fraudulent Indian-owned company to obtain BIA contracts for Defendant CHRISTOPHER HAMILTON CLEMENS using Calandra Charging Eagle's mother's Indian status and Certificate of Indian Blood.

11. In September 2018, Defendant CHRISTOPHER HAMILTON CLEMENS informed Calandra Charging Eagle that he had left Company A and started his own company, Hamilton's West LLC. On or about September 14, 2018, Defendant texted Calandra Charging Eagle that his new company "need[ed] work and have a 5k donation to fill still," referring to the remaining balance of the Sandia Resort and Casino debt owed by Calandra Charging Eagle, and suggesting that he was willing to pay the remainder of that debt if Calandra Charging Eagle was willing to use her position with the BIA to secure work for his new company, Hamilton's West LLC.

12. On October 21, 2020, the Grand Jury returned an indictment in this cause charging, among other things, that Defendant CHRISTOPHER HAMILTON CLEMENS did directly and indirectly, corruptly give, offer, and promise a thing of value to a public official, with intent to influence an official act, influence a public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States, and induce a public

INFORMATION - 5

official to do an act and omit to do an act in violation of her official duty, in violation of 18 U.S.C. § 201(b)(1), Bribery of Public Officials and Witnesses, as charged in Count 2 of that indictment (Case No. 2:20-CR-00142-TOR).

13. On November 10, 2021, Defendant CHRISTOPHER HAMILTON CLEMENS entered into a Pretrial Diversion Agreement in United States District Court for the Eastern District of Washington wherein he admitted to all the facts detailed above regarding his violation of 18 U.S.C. § 201(b)(1), Bribery of Public Officials and Witnesses, between on or about June 14, 2018, and on or about August 24, 2018. Pursuant to the Pretrial Diversion Agreement, Defendant CHRISTOPHER HAMILTON CLEMENS agreed, among other things, that he would not contract or sub-contract with any agency or department of the United States, nor would any company or entity owned or controlled by Defendant contract or sub-contract with any agency or department of the United States, for a period of 36 months.

<u>Defendant's Fraudulent Representations to Obtain Federal Contracts</u>

14. Company B was registered on March 16, 2021, in Washington State as a domestic LLC. Defendant CHRISTOPHER HAMILTON CLEMENS held himself out as the Vice President of Company B and worked with other conspirators both known and unknown to obtain federal contracts and subcontracts for Company B.

15. On January 10, 2022, Defendant CHRISTOPHER HAMILTON CLEMENS provided the following materially false certification to the System for Award Management ("SAM") which is an official website of the United States operated by the United States General Services Administration used to register businesses to do business with agencies of the United States:

> I have read each of the FAR [Federal Acquisitions Regulation] and DFARS [Defense Federal Acquisitions Regulation Supplement] provisions presented on this page. By submitting this certification, I, **Chris Clemens**, am attesting to the accuracy of the representations and certifications contained herein, including the entire NAICS [North American Industry Classification System] table. I understand that I may be subject to criminal prosecution under Section

INFORMATION - 6

1001, Title 18 of the United States Code or civil liability under the False Claims Act if I misrepresent **[Company B]** in any of these representations or certifications to the Government.

(emphasis original).  A truthful and accurate SAM certification is a material requirement of obtaining and/or performing on any federal contract, and information contained in SAM is relied upon by federal agencies in making contracting decisions and awarding contracts.

16. Defendant CHRISTOPHER HAMILTON CLEMENS went on to falsely and fraudulently certify on behalf of Company B that none of the principals of Company B were presently "declared ineligible for the award of contracts by any Federal agency" and that no principals of Company B were presently "indicted for, or otherwise criminally or civilly charged by a governmental entity" with the commission of, among other crimes, bribery.

17. In fact, as Defendant CHRISTOPHER HAMILTON CLEMENS knew, these certifications were false and fraudulent because he had entered into the Pretrial Diversion Agreement in the United States District Court in the Eastern District of Washington, and he was vice president of Company B.  Defendant CHRISTOPHER HAMILTON CLEMENS made these false and fraudulent certifications on behalf of Company B in order to obtain federal prime contracts and subcontracts with federal agencies and to thereby enrich himself with federal funds.

18. On August 22, 2022, in reliance on the false and fraudulent SAMs certifications of Defendant CHRISTOPHER HAMILTON CLEMENS on behalf of Company B, the FAA awarded Company B Contract # 697DCK-22-C-00315 which was titled "Design-Build Upgrades to the Moses Lake ATCT."  Defendant CHRISTOPHER HAMILTON CLEMENS, on behalf of Company B, held himself out as vice president and consulted and managed Contract #697DCK-22-C-00315, both before and after it was awarded.  Contract #697DCK-22-C-00315 was performed in the Eastern District of Washington.

INFORMATION - 7

19. Had the FAA known that contrary to Defendant's false and fraudulent certifications in SAM, one of Company B's principals- Defendant CHRISTOPHER HAMILTON CLEMENS as vice president- was then under the terms of a Pretrial Diversion Agreement entered into in United States District court in the Eastern District of Washington and containing Defendant CHRISTOPHER HAMILTON CLEMENS' admissions to violating 18 U.S.C. § 201(b)(1), Bribery of Public Officials and Witnesses, it would not have awarded Contract #697DCK-22-C-00315 to Company B and would not have obligated or paid any federal funds to Company B. Instead, between August 22, 2022, and October 5, 2023, the FAA obligated and paid Company B $479,818 for the work performed and caused to be performed on Contract #697DCK-22-C-00315, which it would not have had it known of Defendant CHRISTOPHER HAMILTON CLEMENS' false and fraudulent SAM certifications on behalf of Company B.

20. In this manner, Defendant CHRISTOPHER HAMILTON CLEMENS entered into an agreement with persons both known and unknown in order to and did obstruct the lawful functions of the GSA, the BIA, and the FAA, all federal agencies, by deceitful or dishonest means, as part of the conspiracy all with the object of enriching himself with federal funds.

All in violation of 18 U.S.C. § 371.

Dated this 21st day of February, 2024.

Vanessa R. Waldref
United States Attorney

_____
Tyler H.L. Tornabene
Assistant United States Attorney

_____
Dan Fruchter
Assistant United States Attorney

INFORMATION - 8